**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA** — **PLAINTIFF**

v.

CRIMINAL ACTION NO. 26-CR-100-SCM

**ANDREW LEWIS** — **DEFENDANT**

**MOTION TO REVOKE OR AMEND DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(b)**

Defendant Andrew Lewis, by counsel, respectfully moves the Court pursuant to 18 U.S.C. § 3145(b) to revoke or amend the Magistrate Judge's detention order and to order his release on appropriate conditions. Charges under 18 U.S.C. § 2422 involving a minor trigger the rebuttable presumption in 18 U.S.C. § 3142(e)(3)(E).

The evidence presented at the detention hearing together with significant release conditions available under § 3142(c), are sufficient to rebut the presumption and that evidence does not establish by clear and convincing evidence that detention is the only means of protecting the community.

**MEMORANDUM IN SUPPORT**

]

A defendant detained by a magistrate judge may move the district court for revocation or amendment of the detention order. 18 U.S.C. § 3145(b). and the circuit court makes an independent determination of whether detention is the necessary or the only means necessary.

The Bail Reform Act requires release unless the Court finds that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). Dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)

The evidence described at the detention hearing was limited. The Government alleged that the defendant touched the minor's buttocks while on a school bus. The Government also relied on a statement located on Mr. Lewis's phone or camera roll stating, in substance, "I would like to put my head between your boobs and go brrr." While this may not be appropriate language it does not rise to a level requiring detention. the Government has not shown that no available release conditions can reasonably protect the minor or the community.

According to the detention-hearing record as presently understood, there was no evidence that Mr. Lewis asked the minor to meet him at a time or place nor did he request that the minor engage in sexual activity or take any substantial step toward illegal activity with the minor. An attempt requires both the intent to persuade or entice a minor to engage in unlawful sexual conduct and a substantial step toward persuading or enticing the minor. United States v. Vinton, 946 F.3d 847, 852 (6th Cir. 2020); That case involved extended graphic discussions about sexual acts, repeated confirmation of a plan, arrangements for a meeting and travel to the meeting location. The point here is that the actual conduct proffered at the detention hearing does not demonstrate an ongoing pattern of predatory conduct that cannot be controlled through strict supervision and restrictions. The alleged conduct and potential dangerousness can be prevented by a no-contact order, no employment that requires contact with minors, no use of internet accessible devices, GPS monitoring and home detention.

These conditions directly address the conduct alleged by the Government. The Bail Reform Act requires reasonable assurance, not a guarantee of safety. See 18 U.S.C. § 3142(e)(1), (c)(1)(B). when bond conditions can separate a defendant from the alleged victim, prevent unsupervised contact with minors, restrict travel, and permit continuous monitoring, detention is not necessarily warranted.

Mr. Lewis has no prior criminal record and has strong family and community ties. Those facts weigh against both flight risk and dangerousness and support release on conditions. The defense respectfully requests that the Court also consider Mr. Lewis's lack of a criminal record and any proposed residence verified by Pretrial Services. Restrictive conditions as proposed are sufficient to rebut the statutory presumption and demonstrate that detention is not the only means of reasonably assuring appearance and community safety.

## CONCLUSION

For these reasons, Defendant Andrew Lewis respectfully requests that the Court review the detention order under 18 U.S.C. § 3145(b), conduct such hearing as the Court deems necessary or revoke or amend the detention order, and release Mr. Lewis subject to the conditions required by § 3142(c)(1)(B) and any other conditions the Court finds necessary.

Respectfully submitted,

/s/ Stephen W. Owens
Stephen W. Owens
Counsel for Defendant Andrew Lewis
P.O. Box 1426
Pikeville, KY 41502

## CERTIFICATE OF SERVICE

I certify that on October 5, 2026, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will provide notice to all counsel of record.
/s/ Stephen W. Owens